OPINION *Page 2 
{¶ 1} Plaintiff Geraldine Jefferson appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants Frank Stebler III and Susan Stebler.
 {¶ 2} The record indicates appellant sustained serious injuries after being bitten by a dog. The dog was owned and cared for by defendant James Strosnider, who is not a party to this appeal. Strosnider kept the dog at a single-family residence at 1625 Bonnot N.E., Canton, Stark County, Ohio, which he rented from the appellees, the title owners of the property.
 {¶ 3} Appellant filed a personal injury suit against Frank Stebler III, Susan Stebler, and James Strosnider. The court granted summary judgment in favor of appellees, finding they were not harborers of the dog and not liable to appellant for her injuries. The case remains pending against defendant James Strosnider.
 {¶ 4} Before addressing the merits of the appellant's arguments, we must first consider whether we have jurisdiction over this appeal.
 {¶ 5} Ohio Law provides that appellate courts have jurisdiction to review only final orders or judgments, Section III, (B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 6} To be final and appealable an order must comply with both R.C. 2505.02 and Civ. R. 54 (B), if applicable.
 {¶ 7} R.C. 2505.02 states in pertinent part: *Page 3 
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
 {¶ 11} (3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 12} (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 15} * * *"
 {¶ 16} Civ. R. 54 (B) provides:
 {¶ 17} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more, but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of *Page 4 
decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 18} In the case before us, the matter remains pending against defendant Strosnider, and the trial court's judgment entry does not include Civ. R. 54 (B) language. As such, we find there is no final appealable order, and we do not have jurisdiction to entertain appellant's appeal.
 {¶ 19} The appeal is dismissed.
 Gwin, P.J., Farmer, J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the within appeal is dismissed. Costs to appellant.